UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esther Friedman,<br>individually and on behalf of all others similarly situated;<br>　　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　-v.-<br><br>R & B Corporation of Virginia<br>d/b/a Credit Control Corporation;<br>　　　　　　　　　　　　　　　　Defendant. | C. A. No.: 7:22-cv-7424<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Esther Friedman ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against the Defendant R & B Corporation of Virginia d/b/a Credit Control Corporation ("Defendant" or "Credit Control"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Credit Control is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Credit Control has an address for service of process at 11821 Rock Landing Drive, Newport News, VA, 23606.

10. Upon information and belief, Credit Control is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom the Defendant Credit Control sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. that, despite itemizing the fields, fails to state an amount for interest, fees and payments/credits; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

      members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to April 28, 2022, an obligation was allegedly incurred to non-party Ramapo Imaging Associates. ("Ramapo Imaging").

22. The subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, personal medical services.

23. Thus, the alleged Ramapo Imaging obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Ramapo Imaging is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to the Letter (defined below), Ramapo Imaging contracted with Credit Control to collect on the alleged debt.

26. Defendant Credit Control collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – April 28, 2022 Collection Letter*

27. On or about April 28, 2022, Defendant Credit Control sent the Plaintiff an initial collection letter ("Letter").  A copy of this Letter is attached as Exhibit A.

28. The Letter lists the amount previously/currently owed as $240.00.

29. However, the Letter itemizes the amount of interest charged, but fails to set forth the figure.

30. Similarly, the Letter itemizes the amount of fees charged, but fails to set forth the figure.

31. Likewise, the Letter itemizes the amount of payments/credits, but fails to set forth the figure.

32. These omissions are false or deceptive.

33. The amount of interest due on the debt is quantifiable.

34. The amount of fees due on the debt is quantifiable.

35. The amount of payments/credits is quantifiable.

36. Upon information and belief, the alleged amount owed on the debt includes interest and/or fees.

37. To state that $240.00 represents only principal is therefore false, deceptive and unfair.

38. To omit the quantity of interest or fees owed is therefore false, deceptive and unfair.

39. Plaintiff was uncertain how much of that amount is attributable to principal.

40. Plaintiff was uncertain how much, if any, of that amount is attributable to interest or fees.

41. Plaintiff was uncertain of the correct balance for the principal.

42. Plaintiff was uncertain of the correct balance for interest and fees.

43. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

44. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

45. The Letter contains some of the notices previously required by 15 U.S.C. § 1692g, but does not include the additional information required by Regulation F.

46. 12 CFR § 1006.1 provides:

   (a) *Authority*. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

   (b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that

debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

(c) *Coverage.*

   a. Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

   b. Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

47.   12 CFR § 1006.18(e) requires:

   (1) *Initial Communications*. A debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

48.   12 CFR § 1006.34(c) states:

*Validation information*. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.

   (1) *Debt collector communication disclosure*. The statement required by § 1006.18(e)

   (2) *Information about the debt*. Except as provided in paragraph (c)(5) of this section:

      1. The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.

      2. The consumer's name and mailing address

      3. If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

4.   The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

5.   The name of the creditor to whom the debt is currently owed.

6.   The itemization date.

7.   The amount of the debt on the itemization date.

8.   An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

9.   The current amount of the debt

(3) *Information about consumer protections*.

(i)   The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

(ii)  The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

(iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

(iv)  If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.

(v)   If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor

       information electronically.

(4) *Consumer-response information.* The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply:":

    (i)    *Dispute prompts*. The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

        i.    "I want to dispute the debt because I think:";

        ii.    "This is not my debt.";

        iii.    "The amount is wrong."; and

        iv.    "Other (please describe on reverse or attach additional information)."

    (ii)    *Original-creditor information prompt*. The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

    (iii)    *Mailing addresses*. Mailing addresses for the consumer and the debt collector, which are the debt collector's and the consumer's names and mailing addresses as disclosed pursuant to § 1006.34(c)(2)(i) and (ii).

49.    12 CFR § 1006.34(d) further states that "The validation information required by paragraph (c) of this section must be clear and conspicuous."

50.    Additionally, 12 CFR § 1006.42 requires:

(a) *Sending required disclosures –*

    (1) *In General.* A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

51.    The Letter fails to include all of the information described above.

52.    Specifically, the Letter does not set forth explicit itemization, as required by

Regulation F, to provide actual notice that is clear and conspicuous pursuant to 12 CFR § 1006.42.

53. Thus, Plaintiff was misled as to her rights.

54. Defendant deceptively tried to make it appear that interest and/or fees were unquantifiable by making it appear that the balance consisted of only of principal.

55. If a debtor settles a debt, she is taxed on the principal amount settled, not interest or fees, so the Plaintiff needed to know this information.

56. Leaving the interest, fees, payments and credits blank was merely a collection tactic to coerce the Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in her best interests.

57. By the time such an account is sent for collection, invariably there are interest and/or fees owed on the debt.

58. Plaintiff was therefore forced to waste time and money in determining her response to the Letter.

59. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

60. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused negative credit furnishment to accrue, and ultimately be reported to third parties, to the Plaintiff's financial detriment.

61. Plaintiff also suffered emotional distress with physical manifestations, including, but not limited to, shock and restlessness, because of the Defendant's violations.

62. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

63. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

64. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, negligent infliction of emotional distress, defamation and conversion.

65. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

66. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

67. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized to pay another debt.

68. Defendant's conduct prevented the Plaintiff from acting in the way she would have otherwise acted had the Defendant's Letter not been improper.

69. Plaintiff suspected that this collection was fraudulent in whole or in part.

70. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letter demanding payment appeared false and deceptive, and did not make sense.

71. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

72. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

73. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

74. Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

75. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

76. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

77. Plaintiff has a right to not be subject to collections that are deceptive, misleading, and harassing.

78. Yet the Defendant's Letter was.

79. As a result of the Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

80. Plaintiff repeats the above allegations as if set forth here.

81. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

82. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83. Defendant violated said section by:

    a. Making a deceptive and misleading representation in violation of §§ 1692e and 1692e (10) by stating interest, fees, payments and credits were unquantifiable and/or, when upon information and belief, the actual balance included interest or fees; and

    b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

84. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

85. Plaintiff repeats the above allegations as if set forth here.

86. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

87. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

88. Defendant violated this section by stating interest, fees, payments and credits were unquantifiable and/or, when upon information and belief, the actual balance included interest or fees.

89. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

90. Plaintiff repeats the above allegations as if set forth here.

91. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

92. Pursuant to 15 U.S.C. § 1692g, an initial communication with a debtor regarding a debt must clearly state the amount of the debt.

93. Defendant violated this section by failing to disclose the interest, fees, payments and credits concerning the debt, and as a result, overshadowed, confused, misrepresented and/or or clouded the clear amount of the debt in violation of § 1692g (a)(1).

94. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

95. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Esther Friedman, individually and on behalf of all others similarly situated, demands judgment from the Defendant Credit Control as follows:

    i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 30, 2022                                  Respectfully submitted,

**Stein Saks, PLLC**


/s/ Robert Yusko
By:  Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@steinsakslegal.com

*Attorneys for Plaintiff*